UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lorenzo Johnson, #127332, | ) C/A No. 3:05-2186-SB-JRM |
| Plaintiff, | ) |
| vs. | ) |
| Warden White; Larry Walton; Edward Gray; Lt. Washington; Sgt. Wright; O.F.C. J. Brown; O.F.C. Rosser; O.F.C. A. Brown; O.F.C. Miller; Jon E. Ozmint; Maj. D. Beckwith; Lt. M. Gollock; and O.F.C. Jackson, | ) Report and Recommendation |
| Defendants. | ) |

### FACTS

Plaintiff has filed this matter as a "motion for judgement as a matter of law per rule 50 (A)." In his complaint he states that he filed a complaint on 7-17-05 pertaining to a sexual assault. He alleges that the complaint will not be addressed because "...it involves self-incrimination to admit to sexual assault." *See* Complaint @ 1. Plaintiff claims that because of "an unique occurrence" (sic) he cannot be afforded humane treatment at the South Carolina Department of Corrections. As such, he seeks a reduction in his sentence to time served. Plaintiff further alleges that Defendant White "believes the employee can assault me whenever they want it has gotten out of hand." Id. @ 1.

### PRIOR CASES

Plaintiff currently has five complaints, including the above-captioned matter, pending in this Court. In Civil Action No. 3:05-2184-SB-JRM, the plaintiff states that he was sent to the Gilliam Psychiatric Hospital in January of 2004 for "alleging sexual assault". He claims he was declared competent by a Probate Court in February of 2004, but Defendants Page and Dwyer, defendants in

that action, "signed commitment orders" that same month without checking "to see if my allegations were investigated, because on 9-1-04 an informal investigation was conducted and your commitment of me on 2-19-04 clouded judgment of the investigator, who won't attest to said investigation. They won't sign it, this is proof that a cover-up of sexual assault was within the Dept of Corr." *See* Complaint in Civil Action No. 3:05-2184-SB-JRM@ 1.

In Civil Action No. 3:05-1057-SB-JRM, the defendants removed from state court a complaint which alleged "On January 16, 2004 there began a sexual assault on my body involving cyber-spiritual entities." *See* Complaint in Civil Action No. 3:05-1057-SB-JRM @ 1. In this prior action the plaintiff alleges he filed grievances regarding the sexual assault but "the issue of sexual assault will not be addressed y the South Carolina Department of Corrections." Id. @ 3.

In Civil Action No. 3:05-2064-SB-JRM, plaintiff alleged that he was placed in a cell, without any clothes, because he "was suppostly (sic) attempted suicide." *See* Complaint in Civil Action No. 3:05-2064-SB-JRM @ 1. The plaintiff also alleged in this action that he was subsequently taken to the Gilliam Psychiatric Hospital on 6-17-05, and that he had also been sent to Gilliam from 1-23-04 until 3-24-04 and from 12-08-04 until 2-7-05 for the same reason he was sent to Gilliam in June of 2005. Plaintiff went on to allege that he had been "...on lock-up for filing the grievance..." Id. @ 1. In this complaint the plaintiff alleged "We all know there is no investigation of my sexual assault allegations and as I've stated in court papers somewhere, this is how they address sexual assault within the S.C. Dept. Of Corr." Id. @ 2. The plaintiff stated he was entitled to damages from SCDC employees because they retaliated "...against me for trying to stop this physical assault of my person by a unique occurrence....". Id. @ 2.

Finally, in Civil Action No. 3:05-2185-SB-JRM, the plaintiff asks that Janice L. Montgomery

have "all civil liability" be "upheld". The plaintiff goes on to state " I do not want her to exercise her fifth amendment right to remain silent." See Complaint @ 1. Once again, the plaintiff also states that he filed a grievance, for which their was no investigation, and for which he has been placed on lock-up. Id. @ 1. In a separate document, sent with this complaint, it is clear that Janice Montgomery is an Internal Grievance Coordinator.

This court may take judicial notice of Civil Action Nos. 3:05-1057-SB-JRM, 3:05-2064-SB-JRM, 3:05-2184-SB-JRM, and 3:05-2185-SB-JRM. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340, 60 U.S.L.W. 4346 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (4th Cir. 1995)(*en banc*), *cert. denied*, Nasim v. Warden, Maryland House of Correction, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are

assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

## DISCUSSION

It is not necessary for this Court to address, once again, allegations that are already before this Court in the first two civil actions filed in this District (05-1057 & 05:2064). *See* Aloe Creme Laboratories, Inc. v. Francine Co., *supra*, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

Aloe Creme Laboratories, Inc. v. Francine Co., supra, 425 F.2d at 1296. *See also* United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and "new" 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

The plaintiff's attention is directed to the important notice on the next page.

                                                      Respectfully submitted,

                                                     s/Joseph R. McCrorey
                                                     United States Magistrate Judge

August 19, 2005
Columbia, South Carolina

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina  29201